## Ball, Appellant, *v.* Weightman et al., Trustees.

*Will—Construction—Trusts and trustees—Spendthrift trust—Great-grandchildren.*

1. The term "grandchildren" may or may not embrace great-grandchildren according to the meaning of the testator to be ascertained from an examination of the entire will.

2. Where a spendthrift trust embraces the entire income of testator's estate, and is to continue until the death of the last surviving child, and testator uses the words "grandchildren," "issue" and "descendants" indiscriminately, and his manifest purpose is to secure the income for the personal use of the descendants during the life of the trust, the word grandchildren will be construed to include great-grandchildren.

Argued January 12, 1922. Appeal, No. 152, Jan. T., 1922, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1919, No. 5380, on verdict for garnishee in case of Thomas Ball v. William Weightman, formerly William Weightman, 3d, and Frank G. Rogers, William Rudolph Smith and Fidelity Trust Co., Trustees under will of Charles H. Rogers, deceased, garnishee. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ. Affirmed.

Attachment sur judgment. Before STAAKE, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for garnishees. Plaintiff appealed.

*Error assigned,* among others, was binding instructions for garnishee, quoting record.

*Samuel W. Cooper,* for appellant.—Conditions in wills in restraint of alienation of devises are against the policy of the law and are to be strictly construed: Overman's

App., 88 Pa. 276; Boyle v. Boyle, 152 Pa. 108; King's Est., 147 Pa. 410.

Only by the use of apt words can a spendthrift trust be created: Shoups's Est., 31 Pa. 162.

It is clear the words "children" or "grandchildren" in a will will not apply to grandchildren or great-grandchildren unless the context of the will shows such is testator's intention: Pemberton v. Parke, 5 Binn. 611; Eichelberger's Est., 5 Pa. 264.

*Walter George Smith,* for appellees.—Granting that it were possible to use the express term "great-grandchildren" the trust will not be allowed to fail where it is evident that a class covered by that term was included: Pemberton v. Parke, 5 Binn. 601; Campbell's Est., 202 Pa. 459; Woelpper's App., 126 Pa. 562.

OPINION BY MR. JUSTICE WALLING, February 13, 1922:

This appeal by plaintiff is from judgment entered upon a verdict for the garnishees in an execution attachment, and involves the construction of certain provisions in the will of the late Charles H. Rogers, of Philadelphia, who died in 1885. The will provides, inter alia: "I authorize and direct my said executors to divide annually the whole income of my estate, not herein otherwise disposed of, into as many shares as I have children, living at that time, or the issue of a deceased child or children, such issue representing his, her or their deceased parent's share, and one of which equal parts or shares my said executors shall pay to each of my children before named during all the term of their respective lives, and in case of the death of either or any of my said children, leaving issue, such issue shall be entitled to receive the share or annual income such deceased parent would have been entitled to until the death of the survivor of my said children......And in case of the death of any of my said children without leaving any child or children living

at the time of such decease, or born in the usual period of gestation thereafter, the share or annual income of such deceased child or children, shall be divided among my surviving children, and the descendants of such as may be deceased share and share alike, the latter taking equally their deceased parents' share until the death of the survivor of my said children......And it is further my will, and I hereby direct that all sums of money directed to be paid by my executors to my said children, shall be paid to such children respectively, for their and each of their separate use, and the receipts of such children respectively, shall be taken by my executors for any such payments to him, her or them respectively, and such receipt or receipts notwithstanding the coverture, present or future, of any such children shall be a valid voucher, for any such payments by the said executors, but not the receipt of any other person, or persons for them, or any of them, provided also that the foregoing provisions shall extend and apply, with equal force, to all payments if any hereafter to be made to any of my grandchildren under this my will, who shall at the time have attained the full age of twenty-one years." The next clause provides for securing the income of any of testator's grandchildren, or their descendants, during minority.

Appellant's counsel frankly concedes that the will imposes a spendthrift trust upon the income payable to the children and grandchildren and correctly says, "The sole point, therefore, for discussion is as to whether the terms of this will imposed a spendthrift trust upon the interest of a great-grandchild." The trust has not yet ended and, under the terms of the will, the defendant, William Weightman, who is a great-grandson of testator, is entitled to a share of the income. The trial court held such share exempt from attachment on the ground that defendant was a grandchild within the meaning of that term as used in the will. A careful consideration has led

us to the same conclusion. The term "grandchildren" may or may not embrace great-grandchildren according to the meaning of the testator to be ascertained from an examination of the entire will. Standing alone it is restricted to children's children, but it may be enlarged by the context so as to embrace great-grandchildren or even more remote descendants. Where there is something to extend the natural signification of the term "grandchildren" it may include great-grandchildren: Horn v. Van Schaick, 3 Barbour's Chancery Reports 488, 508; see also the opinion of the late Judge HAWKINS, In re Estate of Andrew Morton, 32 Pitts. L. J. (N. S.) 406. In the language of YEATES, J., in the leading case of Pemberton v. Parke et al., 5 Binney 601, 609, "Grandchildren are words of equivocal import, and may or may not include great-grandchildren, according to the sense in which they may have been used by a testator, collected from the whole of his will."

Here, throughout the will, testator seems to use the words, "grandchildren," "issue" and "descendants" indiscriminately, when referring to those who might become lineal descendants of his children; this supports the conclusion that either term was intended to include all: Haldeman v. Haldeman, 40 Pa. 29, 35, 36; and see Yarnell's App., 70 Pa. 335. Moreover, the spendthrift trust embraces the entire income and continues until the death of testator's last surviving child, with nothing to indicate an intent to discriminate between beneficiaries, or to require the trustee to distribute the income direct to some and not so to others. Testator's manifest purpose was to secure the income of his estate for the personal use of his descendants during the life of the trust, and such protection is no more essential to a child or grandchild than to a great-grandchild, possibly less as the latter would ordinarily be younger. From the entire will, we conclude testator intended to protect alike all his beneficiaries and by the term grandchildren to in-

clude great-grandchildren when entitled to share under the trust. The reason for this conclusion is well stated by the trial court, viz.: "Having made provisions to protect his beneficiaries during the continuance of the trust, there is no reason apparent for excluding any of them from its terms. In other parts of his will they are described as 'issue,' 'children representing parents' and as 'descendants.' It is a reasonable inference that in extending the protection to 'grandchildren,' he used the word in a comprehensive sense and intended to include great-grandchildren who take their parents' share."

The assignments of error are overruled and the judgment is affirmed.