## RIECK et v RICHARDS et

Ohio Appeals, 1st Dist, Hamilton Co
No. 3821.   Decided Feb 9, 1931

C. L. Heckel and Franks & Franks, Cincinnati, for Rieck et.

Peck, Shaffer & Williams, J. W. O'Hara, G. F. Oaler, and Roberts, Minten & Tennenbaum, Cincinnati, for Richards et.

ROSS, PJ.

Ida Curley, a granddaughter of the testator, claims as to income she takes the entire share of her father, Allan C. Rich-

ards, Jr., to the exclusion of Mildred R. Pennell, a great-granddaughter of the testator. She also claims that as the sole surviving child of her father she will take his share in the distribution of the corpus of the estate after the death of the last child of the testator.

Mildred R. Pennell claims that the testator intended the shares of his four children, the income and corpus, to descend to their issue, each child or grandchild, children, or grandchildren—great-grandchild, et. to take the interest of its or their deceased parent; distribution in every case to be made per stirpes and not per capita.

This would mean that Ida Curley would receive ½ of ¼ or ⅛ of the income and if living at the time of the death of the last child of the testator ½ of ¼ or ⅛ of the corpus of the estate, and Mildred Pennell would receive the same share as the child of Burt Allan Richards, the brother of Ida Curley.

Without at length setting forth the authorities, the well settled rules of construction requires us to ascertain the intention of the testator from the language of the will, giving if possible a meaning to the words used that will avoid intestacy, vesting the interests at as early a date as is consistent with the expressed intention of the testator, and withal remembering that we are not forced to give language a technical construction unless the intent of the will clearly requires this, and that words are flexible and capable of many shades of meaning.

Let us take the rigid construction first:

"Upon the death of any of my children leaving issue—his or her child or children shall succeed to the father or mother's share."

It is claimed this means that only the child of the child of the testator can take the income. "Issue" thus would mean only child or children of the testator's children. Then if the testator's children had died leaving children, and these in turn had died leaving children, as is the case with Mildred R. Pennell, they can not take, because they do not come within the strict interpretation of child or children of the "issue" of the testator's children.

On the contrary, by giving the word "issue" an interpretation often assigned to it —that of lineal descendants, intestacy which could easily occur under the rigid construction is avoided, a perfectly reasonable construction of the will is provided, and an intention entirely consistent with what we would normally expect of a testator having in mind the ordinary contingencies of life is developed out of the language of the will.

As between such alternates, we hold a chancellor has but one choice. We give the language used the meaning we consider present in the mind of the testator and read the will as providing that in the event of the death of any child of the testator, any issue—that is lineal descendant—shall take the share of its deceased father or mother, and thus Mildred R. Pennell being a lineal descendant, issue of Allan C. Richards, Jr., a child of the testator, takes the share of her father who with Ida Curley divided the share of the testator's child, Allan C. Richards, Jr.,

See Words and Phrases "Issue," for many authorities construing this word as descendants.

It is interesting to note that if Ida Curley's construction be correct, in the event of her death, the whole share of Allan C. Richards, Jr., would be rendered intestate.

We are also called upon to construe the meaning of that portion of the will disposing of the corpus of the estate:

"and upon the death of the last survivor of my children, the trust herein created shall cease, and my estate vest in my grandchildren, per stirpes and not per capita."

Here again a rigid construction of the word **"grandchildren"** as meaning the children of the testator's children, only produces results which we consider wholly contrary to the testator's intention.

Manifestly there can be no vesting of the corpus until the death of the last child of the testator. Again we revert to the whole will and conclude that it is manifest that the testator wished the shares of his children to descend to the "issue"—the lineal descendants—of his children, to his "grandchildren" without regard to any number of prefixes—great or great-great.

As a general rule the word "grandchildren" is a word of definite meaning—limited to children of children, but where the manifest intention of the testator, as gained from the whole will, requires an extension of the meaning past the strict limitations a court of chancery is amply warranted, and is in fact required to so extend the meaning.

It is inconceivable that any authoritative pronouncement of a court will be found exactly decisive of the question presented in a case involving the construction of a will Very probably if such authority existed, no case would be presented. Each will differs slightly or greatly from another according to its entire contents. We cite the case of Ball v Weightman, et al, 273 Pa., 120, not

as an all-embracing authority, but in support of what we have heretofore said. The first paragraph of the syllabus of that case is as follows:

"The term "grandchildren" may or may not embrace great-grandchildren according to the meaning of the testator to be ascertained from an examination of the entire will."

We, therefore, construe the will of Allan C. Richards to provide:—that the net income of the estate shall be divided among his children, if living, and upon the death of any child, to its children, taking per stirpes; and upon the death of any grandchild (issue, lineal descendant) its child or children again taking per stirpes the interest of the descendant parent. Upon the death of the last of the testator's children, the corpus of the estate shall be distributed among his then living grandchildren, if any grandchild has died leaving child or children, these shall take per stirpes the interest of the parent descendant, and in like manner to great, great-grandchildren, if necessary, to vest in the descendants the per stirpes interest of the parent descendant of the testator.

A decree may be entered accordingly.

HAMILTON and CUSHING, JJ, concur.