Falconer's Estate.

Argued March 20, 1931.   Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART and SCHAFFER, JJ.

494

*John Rebman, Jr.,* for appellants.—The legacy in favor of Frank G. Kirkpatrick under the will of William Falconer was a vested one under the terms of the will and the decisions of this court: Wallace's Est., 299 Pa. 333; Marshall's Est., 262 Pa. 145; Millard's App., 87 Pa. 457; McCauley's Est., 257 Pa. 377; Jenning's Est., 266 Pa. 60.

The vesting of the legacy in possession is accelerated to the grandchild's representative by reason of the death of the grandchild when seven years old: Rodrigue's App., 22 W. N. C. 358; Audenreid's Est., 4 Dist. R. 507.

That the vesting of the legacy in possession is accelerated to the grandchild's representatives by the relinquishment by testator's daughter of the interest she might have in the trust as to this legacy, she being the only person interested therein after the death of the grandchild, would seem to be clear: Herrar's Est., 244 Pa. 542; Loew's Est., 291 Pa. 22.

*John C. Bane, Jr.,* with him *M. W. Acheson, Jr.,* of *Sterrett, Acheson & Jones* and *Reed, Smith, Shaw & McClay,* for appellee, cited: Sheets's Est., 52 Pa. 257; Krebs's Est., 184 Pa. 222; Wright v. Brotherton, 2 Rawle 133; Shower's Est., 211 Pa. 297; Smith v. Piper, 231 Pa. 378; Stewart's Est., 253 Pa. 277; Field's Est., 266 Pa. 474; Schuldt v. Trust Co., 270 Pa. 360; Reighard's Est., 283 Pa. 140; Gill's Est., 293 Pa. 199.

OPINION BY MR. JUSTICE SCHAFFER, April 13, 1931:

As will be seen from the reporter's notes, by the residuary provisions of his will, the testator gave his residuary estate, divided into two equal parts, in trust for his two minor grandsons, and provided for certain fixed expenditures of income, giving the trustees, however, power and discretion to expend portions of principal and additional income for their maintenance and for the maintenance of their mother, testator's daughter, under certain circumstances. The trustees were enjoined to exercise care and sound business judgment in all expenditures. When each grandson arrived at twenty-five years, the trustees were directed to pay or transfer to him one-half of the balance of the principal of the trusts. There is an additional provision that anything left of the estate after the foregoing dispositions should go to others.

The testator died April 28, 1928. Frank Gordon Kirkpatrick, one of the grandsons, died in June, 1929, at the age of seven. Frank Kirkpatrick and Jean M. F. Kirkpatrick, his father and mother, presented their petition to the court below praying for the termination of the trust as to this son, assigning as the reason for its being ended that it had been created for his support and education until he should arrive at the age of twenty-five years, at which time the corpus was payable to him; and that on his death the purpose for which the trust was created became impossible of fulfillment. The orphans' court refused to terminate the trust and the petitioners appeal. They argue that the legacy to the son was a vested one, that its vesting is accelerated to the grandson's representatives by reason of his death prior to the time of final payment designated by the will, and that its vesting in possession is also accelerated by the relinquishment by the mother of the interest which she might have in the trust, she being the only person concerned in the legacy after the death of the grandchild.

We think the court of first instance properly determined that the vesting of the legacy, if it did vest, is not controlling in view of the other provisions of the will. It was the testator's property which was being disposed of, and he had the right, in passing it on, to provide for its enjoyment in any way he pleased, provided his dispositions were lawful, as they were. For reasons best known to himself, he directed not only that the income should be payable to his grandsons in the way he stipulated, but that, should either or both of them need further assistance before they were fifteen years of age, the trustees should render it, taking counsel with their father and mother. In order to guard the mother, his daughter, against the possibility of want, he directed that, should she be separated from her husband by death or otherwise, or be deprived of ample support for herself and children, the trustees are authorized to render her such additional financial assistance as in their discretion may seem necessary, and, if required for her benefit, they may even encroach upon the principal of the trust. This last provision in the will we deem conclusive against the complete termination of the trust upon the grandson's death, in favor of the appellants, for the testator's manifest intent to provide for the future aid and protection of his daughter would thus be rendered wholly ineffectual. We do not at this time mean to pass upon the question whether or not the legacy vested in the deceased grandson upon the death of the testator. While the daughter now thinks that the reason for her protection, as stated in her father's will, does not exist, it is possible that he may have been wiser than she, and the future may demonstrate the necessity for his providence, but whether it will or will not, he so directed and created active duties as to her in his trustees, vesting a discretion in them if the contingency that he looked to should arise. The court below properly decided in view of the testator's directions as to his daughter that the trust did not terminate with the death of the grandson.

498

If authority were needed to buttress our conclusion, it may be found in Krebs's Est., 184 Pa. 222, and Spring's Est., 216 Pa. 529.

The decree of the court below is affirmed; costs to be paid out of the estate.