## Bishop et al. *v.* Bishop, Appellant.

Argued September 29, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Benj. L. Heefner,* for appellant.

*William C. Hazlett,* with him *Paul M. Crider,* for appellees.

OPINION BY MR. JUSTICE STERN, November 24, 1941:

The question, on a case stated, is whether plaintiffs, Margaret Bishop, Louise B. Minehart (nee Louise

Boyer) and their respective husbands, can convey to defendant a good and marketable title to certain real estate. The property had been owned by Mary C. Wood, who, by her will, provided as follows: "I direct my Executrices to sell as much of my real estate as may be needed, after my death, to pay my just debts and funeral expenses and to raise the sum of $2000.00 that I have given to the Farmers & Merchants Trust Co., guardian of Hugh Wood. If any real estate remains unsold, said real estate along with the proceeds of any sale of real estate that may be left over after the payment of debts, together with all my personal estate not specifically bequeathed is to be for the use of my two grand-daughters, Margaret Bishop and Louise Boyer; however, in the event that either of my said grand-daughters shall die without issue, the share bequeathed to her that is unexpended is to pass to the survivor and the survivor shall have the right to dispose of the same either by will or otherwise."

After the debts and funeral expenses of decedent and the legacy for Hugh Wood were paid the real estate which is the subject of the proposed conveyance to defendant remained unsold; accordingly it passed under the will to the grand-daughters. The provision that the real estate is "to be for the use of my two grand-daughters" was a devise to them of a fee simple estate: Act of June 7, 1917, P. L. 403, section 12; *Kidd's Estate,* 293 Pa. 21, 24, 25, 141 A. 644, 646. The gift over to the survivor in the event that either of the grand-daughters should die without issue did not, therefore, raise any implied estate in the issue, but constituted merely an executory devise to take effect on the happening of the designated contingency: *Martin v. Grinage,* 289 Pa. 473, 489-491, 137 A. 676, 682. The question discussed by counsel as to whether or not "die without issue" is limited to a death occurring within the lifetime of the testatrix (as to which see *Lerch's Estate,* 309 Pa. 23, 28, 159 A. 868, 869; *Haydon's Estate,* 334 Pa. 403, 407, 6 A. 2d 581, 583) is immaterial,

because, in any event, the issue of the grand-daughters took no estate of their own under the will; indeed, the implication of such an estate is practically negatived by the provision that, if the title of either grand-daughter should pass to the survivor, the latter should "have the right to dispose of the same either by will or otherwise." No one but the grand-daughters having any interest or estate in the property, their title would not be affected, except as between themselves, by the fact that either died without issue, and, as both of them are signatories to the proposed deed, a good and marketable title in fee simple is thereby conveyed. The court below so held and its judgment is affirmed.