## Ramsey's Estate.

Argued November 27, 1942. Before Schaffer, C. J.; Maxey, Drew, Linn, Stern, Patterson and Parker, JJ.

*William W. Mentzinger, Jr.*, for appellant.

*Gordon A. Block,* with him *Wolf, Block, Schorr & Solis-Cohen,* and *Rambo & Mair,* for appellees.

Opinion by Mr. Justice Drew, January 4, 1943:

This controversy concerns the construction of the residuary clause of the will of William A. Ramsey, who

died on January 15, 1928, leaving to survive him a widow and four daughters. The first paragraph of this clause created a vested estate in each of testator's daughters in the sum of $6,000, in trust, the income payable to each upon reaching twenty-one years of age until she becomes thirty, when she shall receive the principal. The next two paragraphs of the clause in question directed the payment of the income from the remainder of the residuary estate to testator's widow, and provided also for the event of her death or remarriage. The last paragraph makes the following provision for the circumstance of a daughter of testator dying with or without issue: "If any child of mine dies, whether married or single, leaving issue, such issue shall receive his or her parent's share. If any child of mine dies without leaving issue, him surviving, the share of such child shall be divided equally among the survivors, and the children of any child who may be deceased, leaving issue at the time, per stirpes and not per capita." The principal of the $6,000 fund held for her under the will was awarded to testator's three surviving daughters (they having all attained the age of 30 and no claim having been entered by testator's widow). This appeal is by the administrator of the deceased daughter's estate from the final decree of the learned court below confirming the award.

The question for determination is whether the deceased daughter's interest in the $6,000 fund was indefeasibly vested in her at the time she became twenty-one, with receipt of the principal postponed, however, until she should reach the age of thirty, as appellant contends; or whether it was subject to divestiture by her death before she reached the age of thirty, as held by the court below.

In discussing the applicable principles of law, we said, in *Wettengel's Estate*, 278 Pa. 571, 573: "We have repeatedly held that where the dominant purpose shown by a devise is to vest a fee, this estate cannot be stripped of its inherent attributes by subsequent words indicating

an intent so to do: *Pattin v. Scott,* 270 Pa. 49, 51, and cases there cited: *Long's Est.,* 270 Pa. 480, 485-6. On the other hand, we have probably as often held that, in finding the controlling intention, all the words used by testator should be taken into account, and, *if the intent to restrict the gift is clear, it must be given effect*: [citing cases]." (Italics added.) See also *Hanna's Estate,* 344 Pa. 548; *Byrne's Estate,* 320 Pa. 513.

A careful reading of the will shows that it falls within the last stated rule. Since the testator states that "If any child of mine dies without leaving issue, him surviving, the share of such child shall be divided equally among the survivors", there can be no doubt that his intention was to give an absolute estate in $6,000 to each daughter upon reaching the age of twenty-one, subject to divestiture if she did not reach the age of thirty, and in case of her death without issue before reaching the latter age her full share should vest equally in her surviving sisters.

Decree affirmed.