## Cope Estate.

Argued November 27, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

reargument refused January 14, 1946.

*Henry D. O'Connor,* for appellants.

*Gilbert W. Oswald,* with him *Schnader, Kenworthey, Segal & Lewis, Edwin S. Heins* and *Raspin, Espenshade & Heins,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 7, 1946:

This appeal pertains to the construction of the residuary clause of the will of testator. The question involved is whether an intestacy has resulted as to a portion of the residuary estate. The learned court below held that it has not.

It will suffice to state that testator placed his entire residuary estate in trust, inter alia, to pay monthly to

his son Caleb a fixed sum for life; thereafter to "hold and manage the *same* for the support, maintenance and education" of the son's issue, but made no other disposition of the principal supporting the monthly payments to the son; testator made a gift over of the residuary estate effective only if the son should die leaving no issue attaining 21 years of age.

On the adjudication of the trustee's account, Judge PENROSE, in the Orphans' Court, awarded $55,000 to the trustee to secure the payment of the son's annuity. This award was unsuccessfully challenged in *Cope's Estate*, 328 Pa. 296, 195 A. 874, and is the fund now in question.

Counsel for appellants strenuously urges that the trust for the son's issue, after his decease, related solely to the "same" income which the testator had provided for his son, and upon their father's death, the income was payable to such issue "for [their] support, maintenance and education" until they respectively attained the age of 21 years; that thereafter the *principal* supporting the payments of income passed by intestacy.

We cannot add to the convincing answer of the learned auditing judge, unanimously approved by the court in banc, negativing appellants' contention. It is true that testator did not *specifically* award principal to the son's issue, but he clearly did so by implication. There is a gift over of *principal* to testator's wife should the son die without issue, or should the issue die under the age of twenty-one. The son left issue who were over 21 years. The auditing judge said: "A devise over should B die without leaving issue is an implied devise to the issue should B leave any: Beilstein v. Beilstein, 194 Pa. 152; Lippincott's Estate, 276 Pa. 283; Murray's Estate, 313 Pa. 359; Howell's Estate, 41 D. & C. 332. And a gift over, if a devisee die before the age of twenty-one is an absolute gift if he survive twenty-one: Cassell v. Cooke, 8 Sergeant & Rawle, 268; Jeremy's Estate, 178 Pa. 477; Bosworth's Estate, 337 Pa. 265."

308

The decree of the court below is affirmed at the cost of appellants.