## Africa Estate.

Argued May 27, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Frank A. Sinon*, with him *Robert L. Myers, Paul H. Rhoads, Myers & Myers* and *Rhoads & Sinon*, for appellants.

*Mark T. Milnor*, with him *John J. Schatt* and *Anthony J. Gianforti*, for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, July 6, 1948:

These are two appeals from a decree of an orphans' court refusing to terminate a trust.

Testatrix devised and bequeathed her residuary estate to a trustee to pay, inter alia, the net income to

three named grandchildren *until the youngest attains the age of thirty years*. The will also provides:

". . . In the event of the death of any of my three grandchildren herein mentioned before the trust terminates and without leaving issue surviving, the surviving grandchild or grandchildren shall inherit that portion of the trust estate of the deceased grandchild or grandchildren."

One of the grandchildren died without issue, leaving two brothers surviving, who are the appellants. One of the surviving grandchildren is presently unmarried and without issue. The other is married and has two children who are represented by a guardian *ad litem*. The interest of unborn or unascertained persons are represented by a trustee *ad litem*. The younger of the two surviving grandchildren has not yet attained the age of thirty years. Appellants petitioned the orphans' court for the termination of the trust, contending that they are the sole parties in interest. The court refused the petition. These appeals followed.

A trust to pay income to a beneficiary until he reaches a designated age beyond 21 years, and then to pay him the corpus, is a void trust. Such attempted limitation is void because of the violation of the rule of public policy forbidding restraint in the use or disposition of property in which no one but the beneficiary has an interest: *Shallcross's Estate,* 200 Pa. 122, 49 A. 936; *Decker Estate,* 353 Pa. 509, 46 A. 2d 218. Where, however, *there is a gift over* in the event that the beneficiary for life or years does not attain a designated age, the element of time does not relate to the *payment* of the gift, but is a *contingency that is annexed to the gift itself.* Such a trust is valid and will be enforced: *Brown's Estate,* 289 Pa. 101, 114, 137 A. 132; *Allen Estate,* 347 Pa. 364, 367, 32 A. 2d 301.

Under the terms of the present trust, if a grandchild dies *without* leaving issue before the youngest grandchild attains thirty years of age, such share is payable

to the survivor or survivors. While there are no *express* words passing the share to the issue of a deceased grandson dying *with* issue before the youngest grandchild attains thirty years of age, nevertheless, such issue take under an *implied* gift: *Cope Estate,* 353 Pa. 306, 45 A. 2d 52. It is clear that issue of a grandchild, either born or to be born before the youngest grandchild attains thirty years of age, possess a contingent interest in the trust res. It therefore follows that all persons who are presently or may be hereafter interested cannot *now* be ascertained and joined. Petitioners are not the *only* persons interested in the trust. As contingent interests presently exist or may hereafter come into being before the date fixed for distribution, the trust may not now be terminated by agreement of but two of the interested persons: *Donnan's Trust Estate,* 339 Pa. 43, 13 A. 2d 55; *Rickenbach Estate,* 348 Pa. 121, 34 A. 2d 527; *Kamerly Estate,* 348 Pa. 225, 35 A. 2d 258.

The cases relied upon by appellants are inapposite. In both *Martin et al. v. Grinage,* 289 Pa. 473, 137 A. 676, and *Bishop et al. v. Bishop,* 343 Pa. 196, 22 A. 2d 901, the initial devise was of a *fee simple estate* where no gift to issue may be *implied.*

The decree of the court below is affirmed at the cost of appellants.