Throm Estate (No. 2).

164

Argued June 2, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*George B. Balmer,* with him *John W. Dry* and *Snyder, Balmer & Kershner,* for appellant.

*Boyd Lee Spahr,* with him *Harry R. Matten, Paul D. Edelman, H. Ober Hess* and *Ballard, Spahr, Andrews & Ingersoll,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 28, 1954:

The question raised in this will construction is whether or not the testamentary provision disposing of the corpus in remainder is void because it is in violation of the rule against perpetuities. The Orphans'

Court of Berks County ruled that it was not. This appeal followed.

Henry Seidel Throm died testate on November 25, 1931. He was survived by his widow, Sarah, and his daughter, Ruth, who constituted his sole heirs and next of kin. The daughter, Ruth, had a son, Charles, born in his grandfather's lifetime and who survived testator, testator's widow and his mother. Charles was survived by a posthumous daughter, Charmaine, who still survives. Testator was also survived by an unmarried sister, Lydia, who is mentioned in the will, but who possesses no interest in this estate.

Testator bequeathed pecuniary legacies amounting to $7,000; directed his executors and trustee to pay two-thirds of the income from his residuary estate to his widow, Sarah, for life and upon her death to his daughter, Ruth, for life and directed that the remaining one-third of such income should be paid to his daughter, Ruth, for life and after her death to the daughter's issue until the death of testator's widow and in default of issue, to testator's widow for her life. Upon the decease of *both* widow and daughter, testator disposed of the corpus of his estate. He contemplated the death of his daughter with and without leaving issue. Since the daughter left issue surviving we are here concerned only with the testamentary provision providing for that event. This dispositive clause reads: "ITEM: At and upon the death of my wife, Sarah K. Throm, and my daughter Ruth S. Throm Detweiler, and my daughter Ruth S. Throm Detweiler dying leaving lawful issue or issue of a deceased child or children, I order and direct my hereinafter named Executors and Trustee to pay and deliver the whole net proceeds of my estate to the issue or issue of such lawful child or children of my daughter Ruth S. Throm Det-

weiler, share and share alike, upon arriving at the age of thirty (30) years respectively, . . ."

Testator, as above stated, died November 25, 1931. His daughter, Ruth, died December 17, 1942; his widow, Sarah, died January 11, 1945; Charles, son of Ruth, died September 20, 1952. The daughter, Ruth, was survived by her husband, Charles W. Detweiler, who is the executor under her will and the appellant herein. It is appellant's contention that the testamentary provision is void because it is in violation of the rule against perpetuities. Should it be so construed, an intestacy would result and appellant's wife, testator's daughter, would receive her intestate share which would pass under her will.

In testing a testamentary provision relative to the rule against perpetuities the limit for the creation of an executory interest to commence was, under the common law, *within the period of a life or lives in being and twenty-one years, allowing for the period of gestation.* Its validity was determined by *possible* and not actual events: *Coggins' Appeal,* 124 Pa. 10, 16 A. 579. Under the Estates Act of 1947, Act of April 24, 1947, P. L. 100, sec. 4 (b), 20 PS 301.4 (b), the rule is to be measured by *actual* rather than possible events. Since testator's death was in 1931, prior to the Act, this will must be interpreted under the then existing law. For a discussion of the doctrine of remoteness see *Warren's Estate,* 320 Pa. 112, 182 A. 396; *Harrah Estate,* 364 Pa. 451, 72 A. 2d 587.

Had the clause in question read to pay the corpus of the estate "to the issue or issue of such lawful child or children of my daughter . . ." there would have been no question but that upon the death of his mother and grandmother, the daughter's son, Charles, would have inherited a vested estate in remainder. The crux of

this case, however, is the construction of the words which immediately precede the above clause, and which follow it, viz.: *"to pay and deliver . . . upon arriving at the age of thirty (30) years respectively"*. Appellant contends that under the doctrine of the "pay and divide cases" the interest of the issue is *contingent* upon the issue respectively attaining thirty years of age. This period would be void for remoteness since such a vesting could *possibly* occur beyond the limits of the rule. On the other hand, the executor of the grandson, Charles, appellee, contends that Charles, the daughter's child, possessed a vested interest in remainder and that the testamentary direction of payment was merely a deferment.

The doctrine of the effect of a "pay and divide" testamentary provision is considered in *Rickenbach Estate,* 348 Pa. 121, 34 A. 2d 527, where many of the cases are cited. In brief, it is: *where there is a direction to pay and divide, but there is no antecedent gift which is independent of the direction and time for payment, the legacy is contingent.* That the cases *applying* the doctrine have not always been in harmony is apparent from statements of at least two of our former Chief Justices which are quoted in *Rickenbach Estate,* supra, (p. 125). Judge HUNTER, of the Philadelphia Orphans' Court, made an accurate statement in *Batchelor Estate,* 67 D. & C. 310, when he said (p. 317) : "While an intention to make a gift contingent may be inferred from a direction to pay and divide (Moore v. Smith, 9 Watts 403; Grothe's Estate, 237 Pa. 262), the question is not to be judged by the mere form of expression employed at any one point, but by the whole scheme of the will."

And in *Allen Estate,* 347 Pa. 364, 32 A. 2d 301, this Court held (p. 367) : " '. . . the question whether or

not a testator intended that the ultimate devisee should survive the time of actual distribution in order to possess a vested interest is not to be judged by the mere form of expression employed at any one point, *but by the whole scheme of the devise or will*' [Italics supplied.] : Brown's Est., 289 Pa. 101, 114, 137 A. 132."

As we construe the meaning of the words of this will from its four corners, keeping in mind that the intent of testator is the polar star of construction, it is clear testator did not intend that the children of his daughter, or their issue, were to take only upon the contingency that they attained thirty years of age. We agree with the appellee that when testator gave the remainder, upon the death of his daughter, to her "issue or issue of such lawful child or children" he must have meant *that issue which survived her*. One cannot *"leave"* issue to be born many years after one's death. Another significant situation precludes the adoption of appellant's contention. The daughter was given one-third of the income. Testator directed that in case the daughter predeceased his widow (which she did) such income shall go to the daughter's children (issue) *until the widow died*. When the widow died there was no further gift of income. It would be unreasonable to suppose, in the absence of language to the contrary, that testator intended, upon the death of the widow, *the grandson or his issue should thereafter receive neither income nor corpus until the daughter's child or his issue should respectively attain thirty years of age.*

There is an additional reason indicating that testator intended the remainder to be vested and not contingent. He provided that in case of the failure of any disposition, the bequest should pass to his widow, daughter and sister. It would indeed be strange if testator intended a *contingent* gift to issue and their descendants *ad infinitum* when they arrived at the age

of thirty years when, in default of such contingency, the fund would pass to individuals who were *living* at the date of testator's death.

We conclude, upon consideration of all the words of the will that the testator indicated, upon the death of both life tenants, that he passed a vested and not a contingent remainder to the issue of his daughter, her son, Charles H. Detweiler.

When the widow of testator died January 11, 1945, after the death of the daughter, Charles H. Detweiler, the daughter's son, took a vested interest in remainder. The testamentary direction that actual payment be deferred until he should attain the age of thirty years is void as being an illegal restraint upon the use or disposition of property in which no one but the beneficiary has an interest: *Shallcross's Estate,* 200 Pa. 122, 49 A. 936; *Decker Estate,* 353 Pa. 509, 511, 46 A. 2d 218; *Africa Estate,* 359 Pa. 567, 569, 59 A. 2d 925. The *directed* distribution by the court below to the executor of Charles H. Detweiler, the appellee, was correct.

The decree is affirmed at the cost of appellant.