Taylor Estate.

Argued January 5, 1956.   Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO AND ARNOLD, JJ.

*Roland Fleer,* with him *Jules Pearlstine, S. H. Goodman, Adams Dodson, Wisler, Pearlstine, Talone & Gerber,* and *Dodson & Butterfield,* for appellant.

*William H. Lathrop* and *Louis M. Childs, II,* with them *Edward Foulke, High, Swartz, Childs & Roberts* and *Montgomery, McCracken, Walker & Rhoads,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE:

The question raised by the appeal is whether or not, in the construction of a will, the interest of a minor great-grandson is vested subject to be divested in the event of his death prior to twenty-one years from the date of the death of his grandmother who predeceased him. A secondary question is also presented: do the trustees or the great-grandchild's guardian have the duty to apply the minor's income for his maintenance, education and support during minority? The learned court below ruled that the interest of the minor was vested subject to be divested. It was held that it was the duty of the testamentary trustees, and not that of the guardian, to apply the income during the minority.

Roland L. Taylor, the testator, died June 23, 1943. His will is dated February 10, 1936. The trustees filed their account of the residuary trust estate. At the audit of the account the questions of testamentary con-

struction have been raised. It is apparent that the will was skilfully and professionally drawn. The testamentary scheme is plain. The residue of the estate was placed in trust, with named trustees, to pay the income to testator's wife, Anita M. S. Taylor, for life, and upon her decease, to his two daughters, Marjory T. Hardwick and Elisabeth T. Ely, for life, in equal shares.

Testator's wife predeceased him on February 21, 1938, whereupon his daughters, Marjory and Elisabeth, became the life beneficiaries of the income. Elisabeth still survives and has received and still enjoys her share of income.

Marjory T. Hardwick, the other income life beneficiary, died March 26, 1954. She left surviving two sons, Taylor and Charles, who were living at the death of testator and who are of age. Marjory also left surviving a grandson (testator's great-grandson), Francis Gordon Lawson, a minor, who was the son of Marjory's daughter, Anita Taylor Lawson, *who had predeceased* Marjory, her mother, on January 15, 1953. The great-grandson, Francis, was born *after* the death of testator.

The testamentary provisions respecting disposition after Marjory's death of the share on which she had received the income are as follows: "Upon the death of my daughter, Marjory T. Hardwick, my Trustee shall continue to hold the principal of the trust estate and shall collect the income therefrom and pay the share thereof to which my said daughter was entitled in her lifetime, less proper charges, to and among her children, and the issue of deceased children, share and share alike; the issue to take the share their parent would have been entitled to if living. As each child of my said daughter, Marjory T. Hardwick, *who is living at the date of my death,* attains the age of twenty-five (25) years, he or she is to receive one-quarter (1/4) of the share of the principal represented by the income there-

tofore paid to him or her; one-quarter (1/4) of such principal is to be paid to him or her upon attaining the age of thirty (30) years; one-quarter (1/4) upon attaining the age of thirty-five (35) years; and one-quarter (1/4) upon attaining the age of forty (40) years." (Emphasis supplied)

Immediately following the above language, and part of the same item, appear the following words which are the ones in dispute: "Any child of my said daughter, Marjory T. Hardwick, *who is born after my death,* and the *issue of any child of my said daughter who shall predecease my daughter,* shall receive a proportionate share of the income to which my said daughter was entitled in her lifetime, for the *period of twenty-one (21) years after the death of my said daughter,* at which time he or she is to receive the share of the principal represented by the income theretofore paid to him or her." (Emphasis supplied)

It is further provided that in case any of the children of Marjory, or the issue of deceased children, shall die before having received his or her full share of principal, leaving issue, the issue take such share absolutely in equal share, *per stirpes.* Where *no such issue* survive, such share passes to the daughter's *children then surviving or their issue, per stirpes.*

The court below correctly ruled that each child of his daughter Marjory *"who [was] living at the date of [testator's] death"* is entitled to a percentage of principal payable at the various ages as provided by the will. In case such child died before attaining any of the respective ages, the unpaid portion of principal was to pass to his or her issue absolutely. No question is raised concerning the validity of such disposition, since such interest is clearly vested subject to being divested.

It is clear, as stated by the court below, that testator visualized the possibility that any devise or bequest to

any child of his daughter born after *his* death, or to the issue of any child of his daughter who predeceased his daughter, might violate the rule against perpetuities and hence become void. Testator, therefore, directed that the income on any such share should be paid to that child, or issue, for *twenty-one years after the date of death of the daughter,* at which time the principal is payable to him or her absolutely. Provision is made for disposition of the principal should such beneficiary die with or without issue. It is to be noted that this provision applies to *any* child of the daughter born after testator's death and *the issue of any child* of the daughter who shall predecease the daughter.

Francis Gordon Lawson, a minor, whose guardian is the appellant, is a grandson of Marjory, the daughter. The minor's mother was Anita Taylor Lawson, child of the daughter, who predeceased her. Francis, the minor, was born *after* testator's death.

Apparently the basic contention of appellant is that testator should not be held to have intended an inequality among great-grandchildren. He maintains that his interest should not be reduced to a contingent interest, whereas his cousins possess vested interest.

The answer to appellant is clear. Testator unequivocally provided that Marjory's children *living at testator's death* took a vested interest in remainder. No one has questioned the validity or quality of this interest. However, the interest of any child of the daughter *born after testator's death,* and the issue of any child of the daughter *who shall predecease the daughter,* possess a different status. Such an interest is *not* vested since testator provided that they should only *receive income for twenty-one years, at which time the principal is payable,* with a further provision for payment of the principal, in case of death with or without issue before twenty-one years.

Testator's reason for making the distinction in interests is apparent. It was in order to avoid the creation of an interest which might prove invalid because in violation of the rule against perpetuities. The doctrine is encompassed in *Throm Estate (No. 2)*, 378 Pa. 163, 106 A. 2d 815, where we said (p. 166) : "In testing a testamentary provision relative to the rule against perpetuities the limit for the creation of an executory interest to commence was, under the common law, *within the period of a life or lives in being and twenty-one years, allowing for the period of gestation*. Its validity was determined by *possible* and not actual events: Coggins' Appeal, 124 Pa. 10, 16 A. 579. Under the Estates Act of 1947, Act of April 24, 1947, P. L. 100, sec. 4 (b), 20 PS 301.4 (b), the rule is to be measured by *actual* rather than possible events. Since testator's death was in 1931, prior to the Act, this will must be interpreted under the then existing law. For a discussion of the doctrine of remoteness see Warren's Estate, 320 Pa. 112, 182 A. 396; Harrah Estate, 364 Pa. 451, 72 A. 2d 587." Testator died June 23, 1943, prior to the Estates Act of 1947, supra. We are, therefore, required to apply the common law rule. It is quite *possible* that the interest of any child of the daughter born *after* the death of testator, or the issue of any child of the daughter who might *predecease the daughter*, would transgress the rule and be void because of remoteness. But, in any event, testator had the power to make the disposition which he did. His language is clear. He did not intend, in the event specified, that all his grandchildren and great-grandchildren should receive an equal share. He was insuring against a void gift because of remoteness, and was bringing such gift within the permitted limit of the rule.

Testator provided that the share of any child or issue of deceased grandchild, as indicated above, should

be held in trust, the income to be paid to such child or issue *"for the period of twenty-one (21) years after the death of my said daughter"*, at which time he or she is to receive the principal which produced the income. It was further provided that in case of the death of such beneficiaries prior to receiving the principal, the corpus should be paid to their issue. In absence of issue, then such principal is payable to the children of the daughter then surviving, *per stirpes*. The right to principal is, therefore, contingent upon the survival of the beneficiary for twenty-one years from the death of the daughter. Where, as here, there is a limitation over in the event of the first beneficiary dying before he or she survives for the period indicated, *the gift is vested subject to be divested:* .*Brumbach Estate,* 373 Pa. 302, 95 A. 2d 514; *Ramsey's Estate,* 346 Pa. 157, 29 A. 2d 493.

The appellant-minor has not reached his majority. The question is raised as to who shall disburse the income from this fund—the *trustees* or the *guardian.* The fourth item of the will reads: "FOURTH: If any of my grandchildren shall be minors at the time they should be entitled to income hereunder, such income shall be applied by my Trustee towards such minor's maintenance, education and support, the receipt of a parent or duly appointed guardian to be a sufficient acquittance or discharge to my said Trustee for payments so made."

It is contended that since appellant is a *great-grandson,* and *not* a grandson, this provision does not apply to appellant-minor and his *guardian* should receive the income to be expended as the will directs.

The term "grand children" may or may not embrace great-grandchildren according to the meaning of testator to be ascertained from an examination of the entire will. Standing alone it is restricted to children's children, but it may be enlarged by the context so as to em-

brace great-grandchildren or even more remote descendants: .*Ball v. Weightman,* 273 Pa. 120, 123, 116 A. 653. See also *Joyce's Estate,* 273 Pa. 404, 117 A. 90, where we said (p. 408) : "It has often been held that a gift to children will include grandchildren, if from other words in the will it appears there was an intention to use the term in a more extensive sense (Steinmetz's Est., 194 Pa. 611; Puterbaugh's Est., 261 Pa. 235) ; a fortiori, a gift to grandchildren, under such circumstances, will include great-grandchildren, since the former is a word of equivocal import: Pemberton v. Parke, 5 Binn. 601, 610 . . ." It is to be noted that the words "children" and "issue" were used indiscriminately, clearly indicating an intent that "children" shall have the broad meaning of "issue", thus including remote descendants. The words employed relate to a line of succession and, therefore, include remote issue. The term "grandchild" as used by testator, according to testator's dictionary, includes "great-grandchild".

A trust for maintenance, education and support is a valid active trust between the trustee and *cestui que trust:* .*Henderson's Estate,* 258 Pa. 510, 102 A. 217; *Schuldt v. Reading Trust Co.,* 270 Pa. 360, 113 A. 545; *Falconer's Estate,* 303 Pa. 492, 154 A. 809.

The appeal is dismissed and the decree of distribution affirmed. The costs are to be paid from the corpus of the estate.

---

PER CURIAM, March 13, 1956:

The foregoing opinion was prepared by the late Justice ALLEN M. STEARNE before his death on February 28, 1956. It is now adopted and filed as the opinion of the Court.