## Casey v. Mercantile-Safe Deposit & Trust Co.

---

*John L. McDonald,* for plaintiff.
*Andrew Hourigan, Jr.,* for defendant.

BROMINSKI, *P.J.,* December 12, 1978—On January 9, 1978, plaintiff, Joseph G. Casey, Jr., filed a complaint in equity against defendant, Mercantile-Safe Deposit & Trust Company, claiming a distributive share under a certain testamentary trust.

On February 8, 1978, defendant filed preliminary objections and on February 21, 1978, an answer to preliminary objections was filed by plaintiff. However, apparently these pleadings have been abandoned by the parties, inasmuch as on April 27, 1978, defendant filed an answer to the complaint which included new matter, to which plaintiff filed a reply on May 11, 1978.

The matter presently is before the court for adjudication upon facts stipulated by counsel for the parties and filed of record and admissions contained in the pleadings. No testimony was presented.

## FINDINGS OF FACTS

The following facts appear as admissions by the parties in the pleadings:

1. Plaintiff, Joseph G. Casey, Jr., resides in Wilkes-Barre, Luzerne County, Pennsylvania.

2. Defendant, Mercantile-Safe Deposit & Trust Company, is a banking institution with a principal place of business at 2 Hopkins Plaza, P.O. Box 2257, Baltimore, Maryland, but also doing business at other locations and in other states including the Commonwealth of Pennsylvania.

3. Defendant is surviving trustee under the will and codicils of James Clark for Helen Clark Casey as per probate records in the Office of the Register of Wills for Allegheny County, Maryland, in Wills Liber Q111, folio 115.

4. Defendant, as surviving trustee, administered a trust under the will of James Clark, hereinafter called the "Clark Trust," for the benefit of Helen Clark Casey until her death on November 3, 1977, at which time the Clark trust terminated.

5. The value of the Clark trust as of November 3, 1977, was $793,665.59.

6. Plaintiff has demanded that distribution be made to him but defendant has refused to distribute any moneys.

The following facts are contained in the aforementioned stipulation of counsel:

7. The deed of trust executed by plaintiff with defendant dated February 26, 1957, hereinafter called the "Casey Trust," and attached to the said stipulation is a true and exact copy of the trust.

8. The trust agreement between plaintiff and United Penn Bank of Wilkes-Barre, Pennsylvania, dated January 30, 1978, and attached to plaintiff's reply to new matter is a true and exact copy of that trust.

9. The last will and testament of James Clark dated June 28, 1922, and the annexed codicils attached to the aforesaid stipulation represent the complete last will and testament of James Clark.

10. Under the will of James Clark, the residuary share of plaintiff, to which he would be entitled (if at all), is one-fourth thereof.

11. Plaintiff was born on May 24, 1923.

12. Plaintiff is unmarried, having been divorced in San Francisco in 1971.

13. Plaintiff's mother, Helen Clark Casey, had the following children: Helen Casey Moore, Patricia Casey Cusick, Margaret Casey O'Donoghue, Ann Elizabeth Casey, and Joseph G. Casey, Jr.

14. Plaintiff's aforesaid mother, one of the life tenants under the will of James Clark, died on November 3, 1977.

15. The aforementioned James Clark died testate in Allegheny County, Maryland, on December 29, 1932.

16. On March 30, 1976, plaintiff notified defendant that the Casey Trust was terminated, cancelled and revoked, whereupon defendant, on advice of counsel, advised plaintiff that the trust was irrevocable.

## STATEMENT OF THE ISSUES

The principal issue before the court is whether plaintiff may revoke the Casey Trust and compel distribution to him of the proceeds thereof.

## DISCUSSION

The basis of plaintiff's action lies within the confines of the last will and testament of his late grandfather, James Clark, whereunder the Clark Trust was created by virtue of the following pertinent language appearing therein in Item Second, subparagraph (b):

"(b) Upon the death of my said wife my Trustees shall divide the remainder of the corpus of said rest and residue into four equal parts and shall continue to hold in trust said four equal parts for the benefit of my said four children, Mary Catharine Roman, Maurice J. Clark, M. Angela Brown and Helen Virginia Casey, and their respective descendants, to wit; one of said four equal parts for the benefit of each of my said four children respectively and his or her descendants, as follows:

"The entire net income from each of said four equal parts my Trustees shall from time to time distribute and pay over to one of my said four children respectively during his or her life. Upon the death of such child of mine leaving issue or descendants living at the time of his or her death my Trustees shall continue to hold in trust such equal

one-fourth part of my trust estate until all the surviving children of such deceased child of mine shall have either died or reached the age of twenty-one years, my Trustees meanwhile to pay over and distribute per stirpes and not per capita among the living children and descendants of such deceased child, or to apply to the support or education of such children or descendants, the income which would have been payable to such deceased child. As soon as all the surviving children of such deceased child of mine shall have either died or reached the age of twenty-one years, the trust as to such equal one-fourth part of my trust estate shall cease and the entire corpus of such equal one-fourth part shall forthwith be paid over and distributed per stirpes and not per capita absolutely, free of any trusts, among the then living children and descendants of such deceased child. Upon the death of such child of mine without leaving issue or descendants living at the time of his or her death or upon the death of such child of mine leaving issue and the subsequent death of all the children and descendants of such deceased child of mine before or at the time hereinbefore fixed for the termination of the trust as to such equal one-fourth part of my trust estate, then such equal one-fourth part (1) shall continue to be held in trust for the benefit of my other three children aforesaid and the respective descendants of such other three children upon the same terms as is hereinbefore provided with respect to the original shares of such other three children in my trust estate, or (2) if the trust with respect to the share of any one or more of such other three children shall already have terminated as hereinbefore provided, then one-third of such equal one-fourth part shall be distributed per stirpes and not per capita among

the then living descendants of each such other child with respect to whose share the trust shall have so terminated."

On February 26, 1957, while his mother, Helen Clark Casey, one of the life tenants under the Clark Trust, was living, plaintiff executed the Casey Trust agreement with defendant, utilizing his distributive share of the Clark Trust as the corpus. Then, on January 30, 1978, subsequent to his mother's death, which had occurred on November 3, 1977, he entered into another trust agreement, this time with United Penn Bank, but again designating his distributive share of the Clark Trust as the corpus thereof.

Initially, plaintiff contends that there was no corpus, or res, in the Casey Trust executed on February 26, 1957, because on that date he had a mere expectancy in the Clark Trust inasmuch as he had to survive his mother in order to share in the distribution therefrom. This contention lacks merit.

An estate is contingent when a right of enjoyment is to accrue upon an event which is dubious and uncertain, that is, where either the person who is to enjoy it or the event on which the estate is to arise is uncertain: Gerber's Estate, 196 Pa. 366, 46 Atl. 497 (1900). Such is not the case in the instant matter because, as here, if there is a present right to a future possession, even though that right may be defeated by some future event, to wit, plaintiff's death prior to his mother's death, nevertheless there is a vested estate: Reed's Estate, 307 Pa. 482, 161 Atl. 729 (1932). See also section 84, and comment a. thereto, Restatement, 2d, Trusts, which provide as follows:

"Section 84—An interest which is subject to be divested, if transferable, can be held in trust.

"Comment a. . . . The mere fact that an interest is subject to a condition subsequent that on the happening of a certain event the interest shall terminate does not prevent its being held in trust."

Next, plaintiff contends that the Casey Trust may be terminated for any of the following reasons, all of which, he claims, apply here: first, he is its sole beneficiary; second, it violates the rule against perpetuities; third, its situs can be changed by this court; and, fourth, it violates the Pennsylvania Wills Act of April 24, 1947, P.L. 89, as amended, [now 20 Pa.C.S.A. §2501 et seq.].

First, plaintiff assumes the position that he is the sole beneficiary of the trust and, therefore, can compel its termination, relying upon sections 127 (Appendix) and 339 of the Restatement, 2d, Trusts, which read as follows:

Section 127—"Where an owner of property transfers it inter vivos in trust to pay the income to himself for life and on his death to convey it to his heirs or next of kin, it has been held that he is the sole beneficiary of the trust."

Section 339—"If the settlor is the sole beneficiary of a trust and is not under an incapacity, he can compel the termination of the trust, although the purposes of the trust have not been accomplished."

The court agrees with plaintiff's general statement that the fact that a trust agreement expressly provides that the trust is irrevocable does not automatically make it so. On the other hand, the court disagrees with his further contention that under the present set of circumstances, the trust can be terminated and revoked because he is the sole beneficiary. The Casey Trust provides, in pertinent part, as follows:

"Section 1

"(a) The Trustee shall pay over the entire net income to the said Joseph G. Casey, Jr., at least quarterly, so long as he shall live.

"(b) The Trustee in its discretion shall have the power to pay or apply principal for the benefit of the Settlor to provide for any emergencies, such as sickness or other misfortune, or to provide for reasonable living comforts, if the net income is insufficient.

"(c) The Settlor shall have the right, at any time and from time to time, to demand and receive payments out of principal, provided the aggregate payments, during the life of the Settlor, shall not exceed the total sum of $15,000.00.

"Section 2

"Upon the death of the Settlor the Trustee shall transfer, convey and pay over the principal in equal shares (a) to his children then living and the descendants of such of them as may then be deceased, per stirpes, or (b) if he is not survived by living children, or descendants of deceased children, then in equal shares to his sisters then living and to the descendants of such of them as may then be deceased, per stirpes.

"The trustee is hereby authorized to pay funeral expenses and expenses of last illness of the Settlor, if the same were not otherwise provided for.

"Section 3

"Any property maturing for distribution in respect to which there be no person then living and qualified to take under the aforegoing provisions shall be divided and distributed among such per-

sons then living as would be entitled thereto under the then laws of the State of Pennsylvania had the Settlor then died intestate, domiciled in said State, seized and possessed thereof, and in the proportions provided by said laws.

"Section 4

"The trustee is authorized, in its sole and absolute discretion, at any time and from time to time, to make payments from the principal of the Trust hereby created to or for the benefit of any beneficiary (including the Settlor) entitled at the time of such payment to the income of the trust, for such beneficiary's support, maintenance, education, general welfare and care. The Trustee is hereby directed to be liberal in the exercise of this discretion, in order to insure for the beneficiary the maximum comforts suitable for his or her needs and station in life. The Trustee, in its exercise of this discretion, shall not be obliged to take into account any other assets which the beneficiary may own or any income which he or she may be entitled to receive from any source.

"During the minority, illness or other incapacity of any beneficiary (including the Settlor), said Trustee is hereby expressly authorized to make any payments of income or principal due to or authorized in respect to such beneficiary to his or her duly constituted guardian or committee, or to such other person or persons as, in the personal discretion of the Trustee, may be in proper charge of any such minor, ill or otherwise incapacitated beneficiary, to be applied by such person or persons, to the support, maintenance, education, general welfare and care of such beneficiary, or, if said Trustee deems best, to itself apply any such payments directly to his or

her support, maintenance, education, general welfare and care, without being required under any such circumstances to account therefor to any court. The receipts of the guardian, committee or other person to whom such payments are thus made or the vouchers for direct expenditures made by said Trustee shall be complete and sufficient release to the Trustee in respect thereto."

Under the foregoing provisions, it is clear that plaintiff is entitled to receive all of the income during his lifetime; that the trustee has discretionary power to apply principal for settlor-plaintiff's benefit in the event of any emergencies or for reasonable living comforts, where the income is insufficient; to pay funeral and last illness expenses of settlor-plaintiff, if not otherwise provided for; and to apply principal for the benefit of any beneficiary of the trust, including settlor-plaintiff, for support maintenance, education, general welfare and care; and that the settlor-plaintiff has the right to demand and receive payments from principal, provided that the aggregate payments do not exceed $15,000.

However, it is just as apparent that plaintiff is not the only person entitled to the benefits of the trust. Sections 2 and 3 thereof provide that upon his death, principal is to be distributed equally to his then living children and the descendants of those of them who are deceased, per stirpes; or if there are no such living children or descendants, then equally to his then living sisters and the descendants of such of them who are deceased, per stirpes; or if there is no person living and qualified to take under the foregoing provisions, then to living persons entitled thereto under the intestacy laws of the Commonwealth of Pennsylvania, domiciled

herein. It is noteworthy that plaintiff neither has reserved for himself, nor granted to anyone, a power of appointment by will with respect to the trust assets.

The above quotation derived by plaintiff from the appendix to section 127 should not be taken out of the context of the whole discussion appearing therein, as the same is applied to the facts here present. Furthermore, comment b. to section 127 of the Restatement, 2d, Trusts, is directly on point, reading as follows, in part: ". . . if the beneficial interest is limited to the settlor for life and on his death the property is to be conveyed to his children, or issue, or descendants, he is not the sole beneficiary of the trust, but an interest in remainder is created in his children, issue or descendants." This is precisely the situation which is described in the Casey Trust.

The law is well established that a trust cannot be terminated by a family agreement not executed by all beneficiaries, some of whom may be unborn. Thus, where some of the interests created under a trust depend for their vesting upon the happening of contingencies which have not yet occurred at the time of the application for termination of the trust, and such interests remain contingent either by reason of the uncertainty of the event upon the occurrence of which they are to vest or because of the uncertainty of persons in whom they are to vest, the trust cannot be terminated by the consent of the beneficiaries having present or future vested interests therein because in such case the requirement of consent of all beneficiaries cannot be complied with before the happening of the contingency and the vesting of the interest, since those who ultimately will be entitled to the corpus cannot be pre-

determined: Shearer's Estate, 346 Pa. 97, 29 A. 2d 535 (1943); and Africa Estate, 359 Pa. 567, 59 A. 2d 925 (1948).

Under the terms of the Casey Trust, the descendants of either plaintiff's children or sisters, or even of his intestate heirs, who might be born before his death, possess a contingent interest in the trust res. Consequently, as contingent interests may come into being before the date fixed for distribution, the trust may not now be terminated solely by the settlor-plaintiff. It is the terms of the deed of trust in operation which render it irrevocable, rather than the express declaration of irrevocability appearing therein.

Second, plaintiff contends that the trust violates the rule against perpetuities. The applicable portion of the statute is set forth in the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, as amended, 20 Pa.C.S.A. §6104, as follows:

"(a) General.—No interest shall be void as a perpetuity except as herein provided.

"(b) Void interest; exceptions.—Upon the expiration of the period allowed by the common law rule against perpetuities as measured by actual rather than possible events, any interest not then vested and any interest in members of a class the membership of which is then subject to increase shall be void."

Therefore, a possible violation of the rule against perpetuities, to wit, a potential distribution to descendants of plaintiff's deceased children or deceased sisters, does not now invalidate the entire Casey Trust, entitling plaintiff to receive full distribution therefrom. Initially, it should be noted that the events set forth in section 2 of the trust are only possible, and not actual, eventualities. Plaintiff's

death will determine the actual events as prescribed by the statute. The validity of future interests limited after life estates and limitations to unborn persons, heirs or descendants is tested by actual, rather than possible, events under the statutory modification of the rule against perpetuities. This applies to estates created after 1947: 14 P.L.E. §140, 146. Moreover, section 3 provides that *if there is no person then living and qualified to take under section 2,* distribution shall be made *to such persons then living* as would be entitled thereto under the laws of the Commonwealth of Pennsylvania had settlor-plaintiff died intestate. For these reasons, plaintiff's contention is not meritorious.

Third, plaintiff claims that the situs of the trust can be changed by this court by virtue of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §725, which reads as follows:

"A court having jurisdiction of a testamentary or intervivos trust, on application of a trustee or of any party in interest, after such notice to all parties in interest as it shall direct and aided if necessary by the report of a master, and after such accounting and such provision to insure the proper payment of all taxes to the Commonwealth and any political subdivision thereof as the court shall require, may direct, notwithstanding any of the other provisions of this chapter, that the situs of the trust shall be changed to any other place within or without the Commonwealth if the court shall find the change necessary or desirable for the proper administration of the trust. Upon such change of situs becoming effective by the assumption of jurisdiction by another court, the jurisdiction of the court as to the trust shall cease and thereupon the situs of the trust for all purposes shall be as directed by the court."

At once it should be pointed out that this particular issue raised under said section 725 is one lying within the jurisdiction of the orphans' court division of this court: 20 Pa.C.S.A. §102.

Be that as it may, it is readily apparent that this aspect of the case has been brought improperly before this court. It appears for the very first time as a prayer for relief in plaintiff's reply to new matter which is the last pleading filed by any of the parties. This is a vast departure from the original relief sought by plaintiff in his initial pleading which was the distribution of his share of the Clark Trust. More important, the safeguards built into section 725 pertaining to notice, a potential master's report, an accounting, and the insurance of proper payment of all taxes due the Commonwealth and any political subdivision, all under the supervision of the orphans' court, would be disregarded completely if this court were to pass upon the issue in this adjudication based upon the record as it now stands. Therefore, since the court will not consider this issue herein based upon the present record for the foregoing reasons, it is suggested that if plaintiff so chooses, he may pursue the matter upon proper petition or application for change of situs pursuant to said section 725.

Fourth and finally, plaintiff contends that the trust violates the Pennsylvania Wills Act and, in particular, the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §2501, which provides that: " . . . Any person of sound mind 18 years of age or older may by will dispose of all his real and personal estate subject to payment of debts and charges." He offers no explanation as to why he believes that the trust is violative of this statute and no such reason in support of his position is discernible to the court

based upon the whole record. Therefore, his position in this regard is untenable and must be rejected.

Accordingly, the following is entered.

## DECREE NISI

It is hereby ordered, adjudged and decreed that plaintiff's complaint is dismissed and that ancillary prayer for relief contained in plaintiff's pleading entitled "Reply to New Matter" is denied.

The prothonotary shall notify all parties or their attorneys of the date of filing this decree nisi in accordance with Pa.R.C.P. 1517(b).