## Joyce's Estate.

*Will—Construction— Children — Grandchildren — Great-grand-children—Issue per stirpes—Words and phrases.*

1. A testator's intention is to be ascertained solely by construing the language used in his will, and not by giving effect to a possible unexpressed intent.

2. Rules of construction have very little weight in the case of wills, and precedents ought never to be allowed an unbending control in a case not precisely analogous or even strictly identical.

3. A gift to children will include grandchildren, and one to grandchildren will include great-grandchildren, if from other words in the will it appears there was an intention to use the term in a more extensive sense than is ordinarily given to it.

4. Where there is a gift to "grandchildren, children and issue of testator's" children, the words "and issue" indicate an intention to enlarge the class so as to include great-grandchildren whose parents are dead.

5. Words used in a will cannot be rejected as surplusage unless no other conclusion is reasonably possible.

6. Under a gift to designated classes, the distribution will be made per stirpes if the classes are themselves stirpetal; if the gift is to a class, each member of which bears the same relation to the donor, ordinarily the distribution will be per capita.

Argued February 22, 1922. Appeals, Nos. 227, 228, 229, 230 and 269, Jan. T., 1922, by John J. Joyce et al., from decree of O. C. Phila. Co., April T., 1883, No. 609, dismissing exceptions to adjudication in estate of John J. Joyce, deceased. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of HENDERSON, J.

The opinion of the Supreme Court states the case.

Exceptions dismissed on decree entered by LAMOR-ELLE, P. J. Cf. 30 Pa. Dist. R. 840.

John J. Joyce, Henry K. Blakeslee, Ida V. Middleton and Hortensia K. Dumphy appealed in Nos. 227, 228, 229 and 230; Sheldon M. Custer et al. appealed in No. 269.

*Error assigned,* inter alia, was decree.

*T. W. Gilkyson,* of *Johnson & Gilkyson,* for appellants, John J. Joyce, Harry K. Blakeslee, Ida V. Middleton and Hortensia K. Dumphy.—The word "issue," as used in the context, means children: Joyce's Est., 5 Pa. C. C. R. 179; Joyce's Est., 21 W. N. C. 510; Miller's App., 52 Pa. 113; Taylor v. Taylor, 63 Pa. 481; Beckley v. Riegert, 212 Pa. 91; Priester's Est., 23 Pa. Superior Ct. 386; Nice's Est., 227 Pa. 75; Duckett's Est., 214 Pa. 362; West v. Vernon, 215 Pa. 545.

The words "grandchildren" are words of purchase, and cannot be extended to include great-grandchildren: Steinmetz's Est., 194 Pa. 611; Hunt's Est., 133 Pa. 260.

*Lemuel B. Schofield,* with him *Richard Hay Woolsey,* with him *Alfred N. Keim* and *Carroll R. Williams,* for appellants, Sheldon M. Custer and Harry T. Stoddart, Trustee, Spartan Building & Loan Association, and Harrison S. Gill, assignee of Sheldon M. Custer.—The use of the word "issue" ex vi termini implies representation and calls for per stirpes distribution: Packer's Est. (No. 2), 246 Pa. 116; Ashburner's Est., 159 Pa. 545.

Gifts to children and issue with reference to the parents require distribution per stirpes through the parent: Ashburner's Est., 159 Pa. 545; Sipe's Est., 30 Pa. Superior Ct. 145; Kline's Est., 38 Pa. Superior Ct. 582.

The words "share and share alike" are consistent with per stirpes distribution: Green's Est., 140 Pa. 253; Minter's App., 40 Pa. 111; Kline's Est., 38 Pa. Superior Ct. 582.

The word "grandchildren" does not include "great-grandchildren": Howell v. Phipps, 2 Wharton 376; Hunt's Est., 133 Pa. 260; Steinmetz's Est., 194 Pa. 611; Harrison's Est., 202 Pa. 331; Hughes's Est., 225 Pa. 79; Page's Est., 227 Pa. 288; Long's Est., 228 Pa. 594; O'Donnell's Est., 252 Pa. 45; Puterbaugh's Est., 261 Pa. 235.

*J. J. Rothschild*, of *Fox & Rothschild*, for appellees.—
Grandchildren may include "great-grandchildren": Pemberton v. Parke, 5 Binn. 601; Field's Est., 16 Pa. Dist.
R. 585; Bradley's Est., 166 Pa. 300; Walker's Est., 240
Pa. 1; Campbell's Est., 202 Pa. 459; Towne's Est., 260
Pa. 443.

The word "issue" means descendants and amplifies the
meaning of the word grandchildren: Miller's App., 52
Pa. 113; Wistar v. Scott, 105 Pa. 200; Graham v. Abbott, 208 Pa. 68.

The heir can be disinherited only by express gift or
necessary implication, and that construction will be
adopted which favors the heir: Simpson's Est., 245 Pa.
244; Hock v. Bugen, 268 Pa. 261.

OPINION BY MR. JUSTICE SIMPSON, March 20, 1922:

Testator gave his residuary estate to his wife for life
(subject to a provision regarding encumbrances, not necessary to be considered), with remainder to three of his
daughters and the survivors and survivor of them, for
life, and upon "the death of the longest liver" thereof he
provided as follows: "I give, devise and bequeath all of
the said estate and every part thereof to all and singular
my grandchildren, the children and issue of my four
daughters, that may then be living, to be divided equally
between them share and share alike—and to their respective heirs and assigns forever, as tenants in common."

At the time of the death of the last survivor of the
three life tenants, the situation, regarding the descendants of testator's four daughters, was as follows: one
daughter had previously died without issue; a second had
died leaving four children, all of whom were living; a
third had died leaving one child, Sheldon M. Custer, still
living but who had assigned his interest in the estate to
Harry T. Stoddard, trustee, Spartan Building and Loan
Association, and Harrison S. Gill; and the fourth had
had four children, two of whom were still living and the

other two had died, one of the latter leaving two children and the other one child.

At the adjudication of the trustee's account, following its conclusion on prior distributions, the court below held that the great-grandchildren were entitled to share by representation; that the distribution, aside from this, should be per capita; and therefore awarded to each of the grandchildren of testator one-ninth of the residue, to the great-grandchild, who was the only issue of her mother, one-ninth and to the other two-great-grandchildren one-eighteenth each. These five appeals followed: four by grandchildren alleging, as they did in the court below, that the great-grandchildren should not have been permitted to share in the distribution, and hence these appellants claim they are entitled to one seventh instead of one-ninth of the fund; and the fifth appeal, by Sheldon M. Custer and his assignees, who renewed their contention that the division should be per stirpes, in which event his share would be one-third instead of one-ninth.

It is not necessary to decide whether or not the great-grandchildren should have been awarded a share per capita instead of per stirpes, since they do not appeal and appellants do not, and indeed could not, legally complain regarding the decision on this point, the effect of the decree being to give them one-ninth of the estate, instead of one-tenth, as would have been the case if the great-grandchildren were entitled to take per capita.

In determining the two questions which are raised, it must be steadily borne in mind that it is not the province of the court to consider what the testator possibly intended, but only what intention is expressed in the language used (Hancock's App., 112 Pa. 532; Glenn v. Stewart, 265 Pa. 208, 211; Ludwick's Est., 269 Pa. 365); a necessary conclusion, since a will is required to be in writing. So, also, it must be remembered that "after all, as has often been said, rules of construction have very little weight in the case of wills, and 'precedents ought never to be allowed an unbending control of any case

not precisely analogous or even strictly identical'"; per PENROSE, J., in Ashburner's Est., 159 Pa. 545, 6, his opinion being adopted by this court.

In the light of those principles, we desire to add but little to that which was so well said by Judge GEST, in his opinion in the court below on a prior adjudication in this estate, when deciding that the great-grandchildren were entitled to share in the distribution: "Considering now the effect of the parenthetical clause, 'the children and issue of my four daughters,' it is clear that the words 'children of my four daughters' [if taken alone] would be merely explanatory of the word 'grandchildren,' for that is exactly what the granchildren are, and these words would add nothing to and subtract nothing from the meaning of what goes before them. Do the added words 'and issue' affect the construction placed upon the will? Obviously, this word 'issue' was either intended to add further explanation, perhaps unnecessary, of the word 'grandchildren,' or else was intended to be used in its regular and normal meaning of 'descendants,' thus amplifying the meaning of the word 'grandchildren,' and showing that the testator contemplated the possibility of the death of some of his grandchildren leaving issue before the death of the survivor of his own daughters. Certainly this word 'issue' cannot be used in a restrictive sense; if it has any meaning here at all, it must extend or amplify the scope of the testator's gift to grandchildren."

It has often been held that a gift to children will include grandchildren, if from other words in the will it appears there was an intention to use the term in a more extensive sense (Steinmetz's Est., 194 Pa. 611; Puterbaugh's Est., 261 Pa. 235); a fortiori, a gift to grandchildren, under such circumstances, will include great-grandchildren, since the former is a word of equivocal import: Pemberton v. Parke, 5 Binn. 601, 610. Here we have the added words "and issue," which are mere surplusage if not construed to extend the gift to the great-

grandchildren; a result not permissible unless no other is reasonably possible: Ludwick's Est., 269 Pa. 365. As the conclusion reached by the court below gives those words an appropriate and natural meaning, they cannot be rejected. We therefore conclude that the decision upon this point was correct.

Upon the other question involved, it is conceded of course that where distribution is directed to specified children and to the descendants of others, the stirpetal rule should be applied, for under such circumstances the testator has himself designated the classes to whom he desires the distribution made: Sipe's Est., 30 Pa. Superior Ct. 145. Here, however, he has distinctly provided for but one class, for he gives the estate "to all and singular my grandchildren, the children and issue of my four daughters, that may then be living, to be divided equally between them share and share alike." The "them" can only refer to the ones designated as grandchildren, who are the children and issue of the daughters, and the estate is "to be divided equally between *them* share and share alike." If the clause had directed the division among the children and issue of the four daughters, leaving out the word "grandchildren," there might be some slight room for the contention now made; but the gift is directly to the grandchildren, and the designation of "children and issue" is only for the purpose of determining what is meant by the word "grandchildren," and not to specify classes or change the method of distribution expressly provided.

The decree of the court below is affirmed and the appeals are dismissed at the costs of the respective appellants.