Estate of Robert Hammond, Deceased.

Argued October 1, 1931.

504 

 Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ. 

*J. Joseph Stratton,* for appellant.

*Peter P. Zion* and with him *Highley & Semans* and *Bronte Greenwood,* for appellees.

Opinion by Cunningham, J., November 20, 1931:

Robert Hammond died, testate, December 9, 1928, leaving to survive him his widow, Emma, but no lineal descendants. In the first item of his will, dated June 25, 1927, he bequeathed to his brother, David Hammond, a legacy of $6,000 and with respect thereto directed as follows: "In the event of his decease, the bequest is to go to his wife, Frances Hammond, absolutely."

Neither the brother nor his wife survived the testator, David Hammond having died November 10, 1927, and Frances, June 30, 1928; they were survived by three sons, Robert S., William O., and D. Frank Hammond.

At the adjudication in the court below of the account of Hamilton Trust Company, the executor and trustee under the will, it was contended in behalf of

these three sons of testator's brother that the legacy of $6,000 had not lapsed into testator's residuary estate but, by virtue of Section 15 (b) of the Wills Act of 1917, P. L. 403, 408, was "good and available in [their] favor."

This contention was rejected by the auditing judge, STEARNE, J., and the exceptions filed by Leesburg State Bank and Trust Company, as assignee of William O. and D. Frank Hammond, having been dismissed by the court, in banc, these appeals followed.

The applicable provisions of Section 15 (b) of the Wills Act are: "Where any testator shall not leave any lineal descendants who would receive the benefit of any lapsed or void devise or legacy, no devise or legacy made in favor of a brother or sister......of such testator......shall be deemed or held to lapse or become void by reason of the decease of such devisee or legatee in the lifetime of the testator, if such devisee or legatee shall leave issue surviving the testator; but such devise or legacy shall be good and available in favor of such surviving issue, with like effect as if such devisee or legatee had survived the testator, unless the testator shall in the will direct otherwise."

No Pennsylvania case directly in point has been cited, but, upon consideration of the able briefs on both sides, we are convinced that the following excerpt from the opinion of the auditing judge demonstrates the correctness of his conclusion:

"It cannot be denied that the words 'in the event of his decease' mean his [the brother's] decease in the lifetime of the testator, for if he survives the testator his interest becomes absolute and the words are meaningless. The event contemplated (i. e. death of the brother in the lifetime of the testator) having occurred, the alternate provision became potentially effective. [Any] inchoate interest the children then

had was represented in their mother, the decedent's sister-in-law, not their father, the decedent's brother. When Frances Hammond died the children stood in her position, and our Wills Act (Section 15b) cannot be held, in such case, to prevent a lapse.

"In the case of Kunkel v. Kunkel, 267 Pa. 163, the testator bequeathed a sum of money to his brother 'if living at the time of my decease.' The brother predeceased the testator, leaving a son surviving him, the testator himself leaving no issue. It was held that the gift lapsed, the reasoning being that the son could take only if the testator had not directed otherwise, and by making the gift to the brother contingent on his survival the testator did direct otherwise. The court said 'This is the plain meaning of the will, leaving no possible room for legal construction to the contrary......' In the instant case the testator has made the gift to the brother contingent upon his surviving him, because he made a different disposition 'in the event of his death.' Hence, it might be said that the testator did, in the will, 'direct otherwise,' thereby preventing the children of the brother from enjoying the benefit afforded by the act. ......

"The problem here is the correct application of the provisions of Section 15 (b) of the Wills Act. The wording of the will is plain and unambiguous. Nothing could be clearer than that the testator wished his brother to have the $6,000. This was his primary intent. His secondary intent was that his sister-in-law should have the legacy, if, by reason of death, the brother could not take. He could have provided for the contingency of both of the legatees predeceasing him, but the fact remains that he did not. He could have changed or rewritten his will after the death of the alternate beneficiary giving the legacy to the children who now claim it, but he did not do so. We cannot now inquire as to why he did not do differently—

we have the will before us—it is clear and free of ambiguity—the statutory law must be applied regardless of conjecture as to what the real intent of the testator may have been.''

We may add that under the plain language of the will the legacy, upon the death of testator's brother, became an absolute gift to testator's sister-in-law; she thereupon became a legatee, related to the testator by affinity only, who might, and in fact did, predecease the testator, leaving issue. But, under the equally plain language of the statute, its benefits are confined to the issue of a legatee who was a brother or sister of the testator.

The assignments of error are accordingly dismissed and the decree affirmed at the costs of appellant.