## Royer Estate

K. L. *Shirk*, for exceptants.

*Hamaker & Coho* and *M. Bernard Hoffman*, contra.

BOWMAN, P. J., October 26, 1949.—The question here involved is whether a bequest of $2,000 to testatrix's stepson lapsed by reason of his death during the lifetime of the testatrix.

Fannie B. Royer died June 12, 1948, leaving surviving her neither husband nor issue. Her last will and testament, dated May 5, 1945, and probated June 18, 1948, disposed of her estate as follows:

"2. I give and bequeath unto my stepson, John M. Royer of Ephrata, Pa., my home, which is a single brick dwelling, located in Lincoln, Pa.

"3. The balance of my estate, real or personal, of whatsoever nature it may be and wheresoever the same may be situated, I order to be converted into cash and divided as follows: To my stepson, John M. Royer, two thousand dollars ($2000.00). The balance to be equally divided, share and share alike between my brother, Reuben Eberly, Newport News, Virginia; my sister, Lizzie Mohler, wife of Benjamin Mohler, Lititz, Pa.; and my nephew William Smith."

John M. Royer died February 24, 1948. He was survived by his widow, Katie A. Royer, who was a sister of testatrix, Fannie B. Royer, and two adopted children, Sarah E. Hoffman and Mary Catharine Wolf. The natural mother of the adopted children was Edna M. Wolf, a predeceased daughter of John M. Royer.

He was the son of Henry D. Royer, testatrix's husband, who predeceased her. Thus by affinity John M. Royer was both a stepson and a brother-in-law of testatrix.

In the adjudication filed by this court on July 14, 1949, the legacy of $2,000 was treated as having lapsed by reason of the death of the legatee in the lifetime of testatrix and was distributed as a part of the residuary estate. The net personal estate of decedent amounted to $3,965.53. By assignment (in which doubt is expressed as to whether the legacy is saved from lapse) dated June 16, 1949, two of the residuary legatees, Reuben Eberly and Lizzie Mohler, assigned their respective interests which they otherwise might have in the $2,000 legacy to Katie A. Royer, widow of the deceased legatee. William Smith, the other residuary legatee, did not join in this assignment. The award of $1,333.32 to Katie A. Royer gives effect to the assignment.

Exceptions to the adjudication were filed by Katie A. Royer and allege error in: (1) The court's finding that the $2,000 legacy to testatrix's stepson lapsed by reason of his death; (2) the failure of the court to award the legacy "to his estate, in accordance with the obvious intention of the testatrix"; (3) the court's failure to award the legacy "to his estate, in accordance with the law relative to children, which includes a stepson, where there are no other children, and the result would be to disinherit a sister of the decedent in favor of other collateral relatives"; and (4) the court's award of one third of the residuary estate "including a one-third of the legacy given by the decedent to John M. Royer" to William E. Smith.

It is contended, as stressed in exceptant's brief, that the bequest comes within the provisions of clause (8) of section 14 of the Wills Act of April 24, 1947, P. L. 89, which provides in part as follows:

". . . A devise or bequest to a child or other issue of the testator or to his brother or sister or to a child of his brother or sister whether designated by name or as one of a class shall not lapse if the beneficiary shall fail to survive the testator and shall leave issue surviving the testator but shall pass to such surviving issue who shall take per stirpes the share which their deceased ancestor would have taken had he survived the testator; . . .".

It is not claimed that John M. Royer was adopted by testatrix. It is not disputed that his relationship to testatrix was one which existed only by affinity. This court is asked nonetheless to construe his status as that of a child of testatrix within these provisions. There is no authority for such a construction.

At common law the death of a legatee in the lifetime of testator caused the legacy to lapse unless that contingency was provided against by the will itself: Robinson v. Martin et al., 2 Yeates 525. The same was true of devises: Sword v. Adams, 3 Yeates 34.

The common-law rule was first modified by the Act of March 19, 1810, P. L. 96, which saved for the issue of the beneficiary legacies or devises to any of the testator's lineal descendants who predeceased him. That act became section 12 of the Wills Act of April 8, 1833, P. L. 249, and, subsequently, section 15 (a) of the Wills Act of June 7, 1917, P. L. 403. A similar provision, first appearing in section 2 of the Act of May 6, 1844, P. L. 564, saved from lapse devises and legacies in favor of a brother or sister or the children of a deceased brother or sister of a testator. This provision, with certain revisions, became section 15 (b) of the Wills Act of 1917. Clause (8) of section 14 of the Wills Act of 1947 combines subsections (a) and (b) of section 15 of the Wills Act of 1917 with changes not here material.

This court's attention has been directed to no decisions under prior statutes which place a stepson within the preferred class of beneficiaries whose gifts are saved from lapse. We construe clause (8) of section 14 of the Wills Act of 1947 to mean precisely what it says, namely, child means child and not stepchild, issue means issue, and brother means brother and not brother-in-law.

But exceptant contends that the legacy to John M. Royer should have been awarded "to his estate, in accordance with the obvious intention of testatrix". In ascertaining what a testator's intention is, it is well settled, as stated in Conner's Estate, 346 Pa. 271, 273:

". . . we must keep in mind that it is not the province of the court 'to consider what the testator possibly intended, but only what intention is expressed in the language used': Joyce's Estate, 273 Pa. 404, 407, 117 A. 90; Biles v. Biles, 281 Pa. 565, 568, 127 A. 235." And in Lonergan's Estate, 303 Pa. 142: "What a testator's intention is must be gathered from the language of his will only, and not from a possible, but unexpressed, intent (French's Estate, 292 Pa. 37; Ludwick's Estate, 269 Pa. 365) ; . . .".

The will contains no ambiguity or contradiction calling for parol testimony to make clear testatrix's intention. It is clear that testatrix wished her stepson to have $2,000 (and a devise of her real estate). She could have provided for the contingency of his predeceasing her. This she did not do. We cannot now inquire why she did not provide against such a contingency.

Having lapsed, the legacy becomes a part of decedent's residuary estate. The exceptions are dismissed, and the adjudication filed July 14, 1949, is confirmed absolutely.