## Ireland Estate

*W. Perry Tyson,* for accountant.
*Warren K. Samples,* guardian ad litem.

MACELREE, P. J., October 10, 1957.—. . . Decedent, an unmarried woman, leaving to survive her neither spouse nor issue nor adopted children, died November 18, 1956, leaving a will dated April 21, 1936, which was duly probated and upon which letters testamentary were granted November 23, 1956.

By the terms of her will, decedent provided, inter alia, as follows:

"SECOND:—I give, devise and bequeath unto such of the following named persons as shall be living at the time of my decease,—namely, my nephew Paul Baily, my niece Harriet Thorp Baily, my niece Alice Caroline Baily Trainer, and my nieces Ruth Eleanore Baily Joly,—all of my estate, real, personal or mixed, of whatsoever kind or nature, or wheresoever situate or found at the time of my decease, such of said persons so surviving me as aforesaid to receive my said estate in equal portions and, as much as such can be practicably effected, share for share alike, the above

designated donation, devise and bequeathing being subject, however, to the contingency of the following further modifications, as is set forth more particularly in the THIRD and FOURTH Paragraph hereinafter.

"THIRD:—In the event that my nephew Paul Baily should predecease me, then I hereby give, devise and bequeath the exact portion and share which would have come to him, under Paragraph SECOND hereinabove set forth, had he been living at the time of my decease, unto his daughter, Eleanor May Baily.

"FOURTH:—In the event that my niece Alice Caroline Baily Trainer should predecease me, then I hereby give, devise and bequeath the exact portion and share which would have come to her, under Paragraph SECOND hereinabove set forth, had she been living at the time of my decease, unto her daughter, Elizabeth Lloyd Trainer."

Paul Baily, conditional legatee named in item second of decedent's will, predeceased decedent, having died August 2, 1956.

Alice Caroline Baily Trainer, conditional legatee named in item second of decedent's will, predeceased decedent, but was survived by the alternative legatee named in item fourth, to wit, Elizabeth Lloyd Trainer (Massin), who survived decedent as well.

The alternative legatee named in item third of decedent's will, Eleanor May Baily, now Eleanor May Baily Kaufman, also predeceased decedent, having died January 11, 1954, leaving to survive her a spouse, one Martin Kaufman, and three adopted children, to wit, Joan Juanita Kaufman, Wayne Paul Kaufman and John Kaufman, all of whom were adopted prior to decedent's death.

The question submitted to the court is: "Do the adopted children of Eleanor May Baily (Kaufman) and/or the surviving spouse of the said Eleanor May Baily (Kaufman) inherit the share which would have

been distributable to the conditional legatee, Paul Baily, or the alternative legatee, Eleanor May Baily (Kaufman)?"

By an order of this court, Warren K. Samples, Esq., was appointed guardian ad litem for the minor adopted children of Eleanor May Baily Kaufman.

The guardian at litem has filed a comprehensive report as to one phase of the question, in which he, the guardian ad litem, advises the court that it is his opinion, for the reasons stated in the report, "the entire gift of one-fourth of the residuary estate which testatrix made to Paul Baily or in the event of his predeceasing the decedent, to Eleanor May Baily, lapses, and that the three minors, Joan Juanita Kaufman, Wayne Paul Kaufman and John Kaufman cannot succeed to the interest their mother would have taken had she survived the testatrix."

The guardian at litem suggests that "the testatrix, herself, superseded the operation of Section 14(8) of the Wills Act of 1947 as to Paul Baily when she expressly made his legacy conditioned upon his surviving her, [citing] Kunkel v. Kunkel (1920) 267 Pa. 163."

The guardian ad litem further suggests that the gift to the alternative beneficiary is not so conditioned, and, therefore, if Eleanor May Baily (Kaufman) is one of the favored relatives enumerated in section 14(8) of the Wills Act of April 24, 1947, P. L. 89, her issue will be substituted and the legacy will not lapse, but that if she is not one of the favored relatives, no substitution can be made and the legacy must lapse. Citing Hammond's Estate (1931), 103 Pa. Superior Ct. 503.

In this latter opinion, our Superior Court, in an opinion by Cunningham, J., held, that *where a legacy,* upon the death of testator's brother, *became an absolute gift to testator's sister-in-law,* that the legacy

lapses into testator's residuary estate by reason of the sister-in-law's death prior to that of testator.

In Hammonds' Estate, the provision was: "In the event of his decease, the bequest is to go to his wife, Frances Hammond, absolutely."

In the instant case, the language of testatrix is significant in that it provides as follows: "In the event that my nephew Paul Baily should predecease me, then I hereby give, devise and bequeath *the exact portion and share which would have come to him, under Paragraph SECOND hereinabove set forth, had he been living at the time of my decease, unto his daughter, Eleanor May Baily.*"

The exact portion and share, which had her father survived decedent would have come to him, would have been inherited by his issue, including Eleanor May Baily, except for the limitation imposed by testatrix.

In making a provision for Eleanor May Baily, her grandniece, testatrix, in the opinion of this court, intended precisely what she said, that Eleanor May Baily Kaufman should take the exact portion and share which would have come to her father, with all of the rights that were incident to a devise or bequest to a child of decedent's brother or sister, including the right to have it pass through her to her issue just as it would have passed to the issue of Paul Baily, except for the limitation imposed by testatrix herself.

This court is of opinion that testatrix intended that in the event of the death of her nephew, Paul Baily, in the lifetime of testatrix, to put his daughter, Eleanor May Baily (Kaufman), in his place and stead, with all of the rights which would have passed to him under the Wills Act, unaffected by any conditions.

This court has given careful consideration to the cases cited by the guardian ad litem before reaching a conclusion as to the question submitted.

It is significant that section 14 of the Wills Act, in the preamble to subsection (8), dealing with lapsed and void devises and legacies, provides as follows: "In the absence *of a contrary intent appearing therein*, wills shall be construed as to real and personal estate in accordance with the following rules."

Consequently, the rules of construction as to wills apply only where such contrary intent does not appear.

In Royer Estate, O. C. Lancaster, 1949, 69 D. & C. 508, a case that is strikingly similar to the instant case, and cited by the guardian ad litem, Judge Bowman stated: "In ascertaining what a testator's intention is, it is well settled, as stated in Conner's Estate, 346 Pa. 271, 273: '. . . we must keep in mind that it is not the province of the court "to consider what the testator possibly intended, but only *what intention is expressed in the language used*": Joyce's Estate, 273 Pa. 404, 407, 117 A. 90; Biles v. Biles, 281 Pa. 565, 568, 127 A. 235.' And in Lonergan's Estate, 303 Pa. 142: 'What *a testator's intention is must be gathered from the language of his will only*, and not from a possible, but unexpressed, intent (French's Estate, 292 Pa. 37; Ludwick's Estate, 269 Pa. 365); . . .' "

Accordingly, this court concludes that the legacy to Eleanor May Baily is transmissible.

The guardian ad litem, having reached a conclusion adverse to the interests of the adopted children of Eleanor May Baily Kaufman by reason of what he believed the proper construction of the Wills Act to be, gave no consideration to the question of the status of the adopted children with regard to their right to take *through* their adopting parent.

This court is of opinion that under the Wills Act of 1947, the three adopted children are entitled to take through their mother.

Section 14, subsection (6), of the Wills Act provides, 20 PS §180.14:

"(6) *Adopted Children.* In construing a will making a devise or bequest to a person or persons described by relationship to the testator or to another, any person adopted before the death of the testator shall be considered the child of his adopting parent or parents and not the child of his natural parents: Provided, That if a natural parent shall have married the adopting parent before the testator's death, the adopted person shall also be considered the child of such natural parent."

Commission's Comment . . . "This takes the place of section 16 of the Wills Act of 1917. It makes several important changes: (1) It makes no distinction as did the 1917 act between adopted children of the testator, and adopted children of others. (2) It permits children of others adopted after the date of the will and before the testator's death to be included. In requiring adoptions to be made before the testator's death, it avoids the possibility of adoptions for the sole purpose of preventing a gift over in default of issue. (3) It prevents adopted children from receiving gifts as natural children, except through a natural parent who is the spouse of an adopting parent. The purpose of the clause is to conform with the theory of adoption as expounded in Cave's Est., 326 Pa. 358, and as embodied in the Intestate Act of 1947. The child is considered the child of the adopting family and not of the natural parents."

It is to be noted in the comment that the purpose of the clause is to conform with the theory of adoption as expounded in Cave's Estate, 326 Pa. 358, and as embodied in the Intestate Act of April 24, 1947, P. L. 80.

While Cave's Estate dealt with provisions of the Intestate Act rather than the Wills Act, the authority

for the right of the adopted children of Eleanor May Baily Kaufman to take through their mother is found in Bryan Estate 86 D. & C. 543 (1953), in an exhaustive opinion by Richards, P. J.

Joan Juanita Kaufman, Wayne Paul Kaufman and John Kaufman were adopted prior to the death of their adopting mother which occurred January 11, 1954, which, in turn, was prior to the death of decedent.

The court believes the legal principles involved to be correctly stated in Judge Richard's opinion in Bryan Estate: "All of the persons involved were born in the lifetime of testator, and the two adoptions mentioned occurred in testator's lifetime.

"The rights of adopted persons to take property from decedents are regulated entirely by statute. For a discussion of this aspect of the case see Cave's Estate, 326 Pa. 358, 359. Hence, the legislature may confer rights upon adopted persons and it may take certain rights away from them. In 1947 the legislature enacted three distinct acts dealing in some respects with the rights of adopted persons. We refer specifically to section 8 of the Intestate Act of April 24, 1947; to section 14(6) of the Wills Act of April 24, 1947, P. L. 89, and to section 14(3) of the Estates Act of April 24, 1947, P. L. 100. Each of these acts became effective on January 1, 1948, before the death of testator. The report of the Joint State Government Commission, under each of the above sections, refers to the policy of Cave's Estate, supra . . . [Here is quoted section 14(6) of Wills Act of 1947 and comment of Joint State Government Commission.] . . .

"We do not consider Taylor Estate, 357 Pa. 120, applicable here. That case held an adopted child to be 'issue' of his natural parents only. Section 8 of the Intestate Act of 1947 provides that 'an adopted person . . . shall be considered the issue of his adopt-

ing parent . . . and not the issue of his natural parents . . .' While this act is not applicable here, it does indicate the trend of the law. Furthermore, we are not dealing here with 'issue' but with grandchildren described by relationship to testator. The Taylor Estate case was decided before the effective date of the Intestate Act of 1947, the Wills Act of 1947, and the Estates Act of 1947.

"In addition to what we have said, we stress the last sentence of the comment under section 14(6) of the Wills Act of 1947, contained in the report, to wit: 'The child is considered the child of the adopting family and not of its natural parents.' "

Accordingly, the share bequeathed to Eleanor May Baily will be awarded to guardians to be appointed for her adopted children. . .