# Mirkil Estate

206

*David H. Kinley, David H. Kinley, Jr.,* and *Samuel L. Sagendorph,* for exceptants.

*Paul W. Lunkenheimer,* contra.

LEFEVER, J., November 28, 1958.—The exceptions present the question whether the learned auditing judge erred in interpreting testator's will and codicils to exclude "Thomas H. Mirkil and his heirs" from participation in the principal of the trust before the court for distribution.

The learned auditing judge in his comprehensive and scholarly opinion has set forth the facts and the

relevant portions of the will and codicils. There is no need to repeat them here in extenso. We agree with his analysis that "it is clear that testator was primarily interested in the welfare of his son Charles, who was incompetent. His next concern was for his grandchildren, Anna and Edgar Light (children of his deceased daughter, Mary). . . ." With this in mind let us examine the specific provisions of the will and codicils relating to Thomas.

The first provision for Thomas appears in the fourth item of the will, viz.: "Upon the death of my said son Charles . . . if neither my said grandchildren shall attain the age of twenty-one years then the said Estate shall go to and vest in my brother, Thomas H. Mirkil, and his heirs absolutely. If both my said grandchildren shall die before reaching the age of twenty-one years and my son Charles be living, then the total income of my residuary Estate . . . shall be paid to him and after his death the principal from which such income was derived shall go to and vest in my brother Thomas H. Mirkil and his heirs absolutely."

The gift of principal to Thomas in the quoted provision of the will was expressly conditioned upon the contingency that both grandchildren die before attaining 21 years of age. In fact, they both reached 21. Therefore, the specified contingency did not occur. Hence, this gift fails.

The second provision for Thomas appears in the first codicil, viz.: "Upon the death of my son Charles leaving to survive him either or both my grandson or granddaughter, H. Edgar Light and Anna Light, I direct that one third of my estate shall be granted and assigned unto my brother Thomas H. Mirkil and his heirs absolutely." This contingency did not occur. In fact, both grandchildren predeceased Charles. Therefore, this gift fails.

There is no other express provision for Thomas in the will. This is fatal to exceptants. However, exceptants urge that a literal interpretation of the express provisions of the will and codicils produces the following anomaly: (1) As conceded by all parties, if *either* or *both* of the grandchildren had survived Charles, their share of principal would have been reduced by one-third, which under the express terms of the codicil just quoted would have gone to Thomas, or if he were then dead to his heirs; and (2) if both grandchildren had reached 21 years of age, then they had died, then Charles had died leaving Thomas surviving, Thomas would have received nothing.

There is no doubt that the express terms of the will and codicils produce this anomaly. Moreover, the precise factual situation which has occurred is not expressly covered in the will or codicils, namely, both grandchildren reached 21 years of age and thereafter predeceased Charles. However, although the draftsmanship of the will and codicils leaves much to be desired, the contingencies upon which Thomas or his heirs were to receive a share were clearly and unmistakably set forth in the quoted provisions of the will and first codicil. Neither contingency has occurred. This is the crucial point in determining exceptants' rights.

Where the provisions of a will are clear and unambiguous, there is no need to resort to rules of construction: Bender v. Bender, 226 Pa. 607. ". . . it is not the province of the court 'to consider what the testator possibly intended, but only what intention is expressed in the language used': Joyce's Est., 273 Pa. 404, 407, 117 A. 90; Biles v. Biles, 281 Pa. 565, 568, 127 A. 235": Conner's Estate, 346 Pa. 271, 273. Moreover, the law will not fill a gap where a testator chooses to itemize contingencies: Verner Estate, 358 Pa. 280.

It is contended by exceptants that since neither grandchild survived Charles, there is a gift over by implication to "Thomas H. Mirkil and his heirs." This is refuted by the express language of the first codicil. To reach exceptants' conclusion the word "neither" would have to be inserted in the condition, viz.: "Upon the death of my son Charles leaving to survive him either, [*neither*,] or both of my grandson or granddaughter." This would produce the converse of testator's language. The court should not, and will not, do this. Moreover, it appears from a study of the will and codicils that testator contemplated his early demise. He provided for his incompetent son, aged 21, and his grandchildren, aged 13 and 15, in preference to his brother, Thomas, aged 62. He appears to have expected Thomas to predecease them, but made provision for Thomas in the exigency that his grandchildren failed to reach 21 years of age. It would be illogical to give Thomas greater rights, by implication, than those expressly set forth in the will. We rule that there was no gift by implication to Thomas and his heirs.

Exceptants also urge that the gift to the grandchildren was *contingent* upon (1) their attaining 21 years of age, and (2) their survival of Charles. Exceptants rely upon the so-called "pay and divide" rule in support of their position that the gifts to the grandchildren were contingent. However, as we have heretofore said: "In view of the difficulties involved in the application of the 'pay and divide' rule, we will not resort to it unless absolutely necessary": Dickson Estate, no. 125, April term, 1919, decided November 7, 1958, 14 D. & C. 2d 741; Krug Estate, 86 D. & C. 436, 439. See Bald Estate, 385 Pa. 176, 183; and Newlin Estate, 367 Pa. 527, 536. Following this policy we find no need to resort to the "pay and divide" rule in this case.

However, even if we were to decide that the "pay and divide" rule were applicable and that the gifts to the grandchildren were contingent upon their surviving Charles, this would be of no aid to exceptants, because, as noted above, Thomas and his heirs have no rights by the express terms of the will or by implication. Hence, such interpretation would merely result in an intestacy, because there would be no one entitled to take under the will and codicils. This would make applicable the statement in Verner Estate, 358 Pa. 280, 282: "Testatrix failed to make provision in her will for a contingency which happened, and, however great the temptation to supply the deficiency in accordance with what she presumably would have provided had the hiatus been called to her attention, a court is without power thus to reform the instrument." Moreover, "If an intestacy results, it is because the testatrix undertook to provide for all the contingencies which she thought might happen, but failed to provide for the one that did happen": English's Estate, 242 Pa. 545, 550. It is significant that if there were an intestacy, the persons to whom the fund in dispute has been awarded by the auditing judge (the lineal descendants of testator and their heirs), would be entitled to the entire fund, to the complete exclusion of exceptants, who are collateral relatives.

After careful study of the will and codicils, and the able and comprehensive briefs filed in this case, we conclude that there was a gift by implication of a vested remainder to the grandchildren upon their attaining 21 years of age. This vested remainder was subject to divestment in part to Thomas and his heirs, *only* if either or both of the grandchildren survived Charles. This did not happen. Therefore, exceptants are not entitled to any portion of the fund.

We are fortified in this conclusion (1) by the well established principle that in case of doubt in the interpretation of wills lineal descendants are to be preferred to collaterals, and (2) because even if the grandchildren and their heirs were not entitled to the fund under the express or implied terms of the will, an intestacy would result, and they would be entitled thereto under the intestate laws.

Accordingly, the exceptions are dismissed and the adjudication is confirmed absolutely.